## Gus Karau v. Luva A. Pease.

1. VERDICTS—*On Conflicting Evidence.*—While it is true there was a conflict in the evidence in this case, it was for the jury to reconcile it if they could, and if not, then to give credence to the witnesses they thought entitled to it, and this court sees no ground for interference with their conclusion.

**Trespass on the Case,** under the dram shop act. Appeal from the Circuit Court of Kane County; the Hon. GEO. W. BROWN, Judge, presiding. Heard in this court at the December term, 1897. Affirmed. Opinion filed May 23, 1898.

R. N. BOTSFORD, J. A. RUSSELL and C. F. IRWIN, attorneys for appellant.

CHARLES WHEATON and JOSLYN & SCHULTZ, attorneys for appellee.

MR. PRESIDING JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

Appellant was a saloon keeper at the village of Hampshire in said Kane county, and appellee sued him under the " Dram Shop Act" to recover damages for injury to her means of support in consequence of the death of her husband, Albert Pease, deceased, which was the result, as she claims, of intoxication produced by liquors sold to deceased and one John Seyller, by appellant.

The cause was tried by a jury and resulted in a verdict in appellee's favor for $1,000, upon which the court entered judgment after overruling a motion for new trial.

This cause was before us on a former appeal, and a judgment in favor of appellee was then reversed on account of the admission of improper evidence. In the opinion then filed there is such a full statement of the pleadings and the facts, that we do not feel called upon to again recite them at length, but will content ourselves with a reference thereto. See Karau v. Pease, 45 Ill. App. 382.

The main controversy upon the trial was as to the intoxication of Seyller, who was driving the team attached to the wagon upon which deceased was riding at the time it was overturned and caused his death. The case has been tried by three different juries; upon each trial this was a material question in the case, and three times the issue has been found against appellant. Upon the last trial there was evidence upon this point additional to that introduced upon the former trials, and while counsel for appellant attack it as being unreliable and unworthy of credence, yet this was a question solely for the jury who saw the witnesses and heard them testify. While it is true there was a conflict in the evidence, it was for the jury to reconcile it if they could, and if not, then to give credence to the witnesses they thought entitled to it. Three juries having found the same way—two of them upon less evidence than appears in the record now before us—we are not disposed to interfere upon the questions of fact.

On the last trial we find no serious errors in the rulings of the court upon the admission or rejection of evidence, nor in the giving or refusing instructions, and certainly a verdict of $1,000 can not be said to show passion or prejudice on the part of the jury. On former trials, verdicts were much larger, and if appellee was entitled to recover at all for the death of her husband, a judgment for $1,000 can not be excessive.

Finding no material errors in the record, the judgment must be affirmed.